**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMES H. LEE,                                                                                    PLAINTIFF
ADC #148133

v.                                                    1:11-cv-00008-SWW-JJV

MALISSA HOOD, Sgt., Independence
County Sheriff's Office; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any pa rty may serve and f ile written objections to this recom mendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen    (14) days from  the date of the findings and recommendations.  The copy will be    furnished to the opposing party.  Failure to f    ile timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recom mendation and also desire to subm it new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, James Lee, is an inmate in the Arkansas Department of Correction (ADC) Grimes Unit.  He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that while detained in the Independence County jail, he was racially discriminated against by the Defendants.  After careful review, the Court finds that Plaintiff's Complaint should be DISMISSED for failure to state a claim upon which relief may be granted.

## I.      BACKGROUND

While detained in the Independence County Jail, Plaintiff learned from a fellow inmate that his nephew had been killed.  He asked Defendants Jerry Branscom and Paul Sandy if he could make an emergency phone call and they replied that they would have to ask Sergeant Hood.  Plaintiff was not allowed to use the telephone.  He was not allowed to attend his nephew's funeral.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court

must dismiss a complaint or portion thereof if the prisoner has raised claim s that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief m ay be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is f rivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An a ction fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specifi c facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## III.  ANALYSIS

In his Complaint, Plaintiff states that other inm ates have been allowed to attend f amily funerals. He alleges that the decision to not allow him to attend his nephew's funeral was racially discriminatory. Prisoners are protected under the Equa l Protection Clause of the Fourteenth

Amendment from invidious discrimination based on race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim of racial discrimination, the prisoner must show that similarly situated inmates were treated differently and that this difference in treatment bears no rational relation to any legitimate penal interest. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998); *Abdullah v. Gunter*, 949 F.2d 1032, 1037 (8th Cir. 1991).

Plaintiff fails to state of claim of racial discrimination against the Defendants. He does not identify by name the inmates whom he alleges received more favorable treatment nor does he indicate the race of those inmates. Plaintiff also fails to indicate how he and the other inmates who allegedly received more favorable treatment are similarly situated. Plaintiff, therefore, fails to state a claim against the Defendants and his Complaint should be DISMISSED without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint and Amended Complaint (Doc. No. 2, 3) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of Plaintiff's Complaint and Amended Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

*pauperis* appeal from an order adopting t his recommendation and an accom panying judgment would not be taken in good faith.

DATED this <u>2nd</u> day of September, 2011.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE